DLD-091                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1884
_____

ASHLEY GEORGES,
Appellant

v.

HELEN C. GODBY; YVONNE SMITH SEGARS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-13561)
District Judge:  Honorable Evelyn Padin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: March 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Ashley Georges, a state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his civil rights complaint. For the following reasons, we will summarily affirm the District Court's judgment.

I.

Georges is currently incarcerated at South Woods State Prison, New Jersey, where he is serving an aggregate term of life imprisonment with a thirty-year period of parole ineligibility for his convictions for murder and unlawful possession of a firearm. In September 2020, Georges filed a complaint, later amended in October 2020, under 42 U.S.C. § 1983 alleging interference with his right to access the courts during his post-conviction relief (PCR) proceedings in state court and related petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it without prejudice and with leave to amend. Georges filed a second amended complaint in March 2022 repeating some of his earlier claims and adding more against various defendants, including state and county agencies, individual public defenders and prosecutors, and individual New Jersey Department of Corrections (NJDOC) employees. The District Court dismissed some of these claims with prejudice and some without, and gave Georges one final chance to amend his complaint. In September 2023, Georges filed his third amended complaint alleging § 1983 claims against two public defenders, Helen Godby and Yvonne Segars. Georges stated that Godby, an attorney in the New Jersey Office of the

2

Public Defender's (NJOPD) Intake Unit, misinformed him about the status of his appeal and filed an untimely notice of appeal (NOA) in his PCR proceedings. This delay caused the expiration of the one-year statute of limitations on his 28 U.S.C. § 2254 petition. He also stated that Segars, as the then-Supervisor of the NJOPD, created a policy or custom allowing or encouraging the untimely filing of indigent defendants' PCR appeals, and/or failed to supervise or train NJOPD employees to prevent these untimely filings.

The District Court dismissed the complaint with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii) and without leave to amend. Georges timely filed his notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's sua sponte dismissal of Georges' claims under § 1915(e)(2). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To survive dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  We accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Georges' filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm "on any basis supported by the record" if the appeal fails to

3

present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

We first review the previously filed claims, dismissed with prejudice,[1] against the following defendants: the NJOPD, the New Jersey Supreme Court (NJSC), the NJDOC, the Essex County Prosecutor's Office (ECPO), ECPO attorneys Thomas McTigue and Barbara Rosenkrans, and NJOPD attorneys Susan Bohrod and Joan Buckley.

The Eleventh Amendment immunizes state agencies from suit in federal court. See Est. of Lagano v. Bergen Cnty. Prosecutor's Off., 769 F.3d 850, 857 (3d Cir. 2014). The NJOPD, NJSC, and NJDOC are New Jersey state agencies and thus immune from Georges' claims.

To state a claim under § 1983, a plaintiff must allege that a "person" acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See id. at 854. A local government body, such as a county prosecutor's office, is not a person for § 1983 purposes if it is acting as an "arm of the [s]tate." Id. "[W]hen [New Jersey] county prosecutors engage in classic law

---

[1] In Georges' third amended complaint, he named only two defendants, Godby and Segars. The claims against other defendants that the District Court dismissed in prior orders with prejudice are preserved for our review. See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007). But the claims that were dismissed without prejudice are not. See id. at 517-18.

4

enforcement and investigative functions, they act as officers of the State." Id. at 855 (second alteration in original) (quoting Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996)). Georges' claims against the ECPO are based on its investigative and prosecutorial actions, and it therefore cannot be considered a person for § 1983 purposes.

Individual prosecutors enjoy absolute immunity from § 1983 claims arising from their activities which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This includes withholding exculpatory evidence, even during post-conviction proceedings if the prosecutor continues in the role of an advocate, see Yarris v. Cnty. of Del., 465 F.3d 129, 137 (3d Cir. 2006), as well as malicious prosecution, see Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.") (quoting Imbler, 424 U.S. at 431). Georges' claims against ECPO attorney Thomas McTigue[2] include malicious prosecution as well as concealing exculpatory evidence during trial. Georges also states that ECPO attorney Barbara Rosenkrans concealed exculpatory evidence during his PCR and habeas proceedings. Both McTigue and Rosenkrans have absolute immunity from these claims.

---

[2] We address only those claims against McTigue which the District Court dismissed with prejudice in its July 7, 2023 opinion.

Finally, it is well established that "a public defender does not act under color of state law [for § 1983 purposes] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Georges' claims against Susan Bohrod and Joan Buckley arise out of their actions and omissions as litigators during Georges' PCR and PCR appeal proceedings, respectively, and thus they did not act under color of law for § 1983 purposes.

We therefore affirm the District Court's dismissal of the foregoing claims.

IV.

We turn now to the claims in Georges' third and final amended complaint. Georges alleges that Godby told him that the NOA for his PCR proceedings was timely filed when it had not actually been filed yet, nor would it be filed for many more months. During that time, Georges' one-year statute of limitations under AEDPA eventually ran out. Filing (or not filing) an NOA is within a lawyer's traditional functions, as is communicating about it with a client. Though it "may be" possible for a public defender to act under color of law for § 1983 purposes "while performing certain administrative and possibly investigative functions," id. at 325, Godby's actions do not fall within this narrow exception.

Even assuming Segars' actions could be considered administrative, cf. Powell v. Davis, 415 F.3d 722, 727-28 (7th Cir. 2005) ("the public defender's case management priorities are not the type of administrative measures, like hiring and budgetary decisions,

6

that would make the office a state actor under the administrative-action exception for public defenders identified in Polk County"), Georges has nevertheless failed to meet the relevant pleading standard. See Ashcroft, 556 U.S. at 678. He makes bare assertions that Segars created a policy or custom of filing untimely NOAs and/or failed to train or supervise NJOPD attorneys to prevent the untimely filings. He has not provided any facts to support these conclusions other than Godby's failure to timely file his NOA. Even construed liberally and in the light most favorable to Georges, this is not enough to make claims of an office-wide policy nor failure to train or supervise facially plausible. See, e.g., Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010).

We therefore affirm the District Court's dismissal of these claims as well.

V.

Finally, considering the foregoing, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without leave to amend after determining that further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.